{¶ 25} I respectfully dissent from the majority opinion. The majority opinion correctly notes, "the issue in this case thus becomes whether the informant should be considered identified or anonymous." (Maj. Op. at para. 8). The majority notes in the case at bar, "the officer did not believe that the information came into dispatch via an anonymous informant. (T. at 20)." (Maj. Op. para. 9).
 {¶ 26} A review of the transcript reveals the following testimony was elicited on this issue at the suppression hearing during the cross-examination of Officer Little:
 {¶ 27} "Q. Do you know who made the call to dispatch — did you know at that point in time?
 {¶ 28} "A. Not at that point in time, no.
 {¶ 29} "Q. You found out later?
 {¶ 30} "A. I'm sure it's on the complaint card.
 {¶ 31} "Q. Okay, so to your knowledge it didn't come in as an anonymous tip?
 {¶ 32} "A. I don't think so, but I'm not sure.
 {¶ 33} "Q. Who was the person that made the call?
 {¶ 34} "A. Again, I don't know who made the call.
 {¶ 35} "Q. Okay.
 {¶ 36} "A. I know if the person identified themselves when they made the call it's on the complaint card.
 {¶ 37} "Q. Okay.
 {¶ 38} "A. The dispatcher fills out." Tr. at 19-20.
 {¶ 39} I find Officer Little's testimony insufficient to sustain appellee's burden of establishing the tipster was a citizen informant.[1] Officer Little's claim he was sure the tipster's name was on the complaint card is not based upon his personal knowledge, and far more significantly, is contradicted by his subsequent answers. Officer Little thinks, but is not sure, it was not an anonymous tip. Officer Little's "confidence" is further belied by his next answer: "if the person [tipster] identified themselves it would be on the complaint card the dispatcher fills out" (emphasis added).
 {¶ 40} The dispatcher did not testify at the suppression hearing. The complaint card was not made an exhibit.
 {¶ 41} The majority notes the police reports contained in the trial court's file clearly identify three individuals, two of whom claimed to have been threatened by the person with a handgun. The majority concludes the information provided to the police was sufficient to establish the reporter [tipster] is a citizen informant. I find reliance on police reports in the court file which were not entered into evidence at the suppression hearing to be improper.[2] Contrary to the majority, I find the evidence presented at the suppression hearing fails to establish the tipster was an identified citizen informant.[3] Accordingly, I think the appropriate legal analysis must proceed as if the stop was premised upon an anonymous tip.
 {¶ 42} Because the police were able to corroborate only neutral details of the "anonymous" tip and did not observe any other conduct sufficient to articulate a reasonable belief criminal activity was afoot, I find appellant's detention illegal under Terry standards. I would order the seizure of the knife from appellant suppressed under the fruit of the poisonous tree doctrine.
 {¶ 43} Although not necessary to reach my conclusion, I feel compelled to express my disagreement with the notion advanced by the majority that the officers' concern for possible harm to themselves or the general public obviates the need for reasonable, articulable facts criminal activity may be afoot before interceding and initiating a Terry stop. AlthoughTerry does not prohibit contact with or consensual questioning of the people assembled in the parking lot, nor prohibit discouragement of any possible violence by the officers' presence and observation of the group, the officers' hunches, suspicious or fears of violence do not allow them to "forebear" the mandates of Terry. As stated by the United States Supreme Court inFlorida v. J.L. (2000), 529 U.S. 266, "this Court also declines to adopt the argument that the standard Terry analysis should be modified to license a `firearm exception' under which a tip alleging an illegal gun would justify a stop and frisk even if the accusation would fail standard pre-search reliability testing." Id. at holding.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed. Costs to appellant.
[1] It is well established the government bears the burden of proof to demonstrate an exception exists to the requirement of securing a search warrant prior to conducting a search. UnitedStates v. Coker (10th Cir., 1979), 599 F.2d 950, 950-951.
[2] The majority opinion fails to establish whether one of the three individuals was, in fact, the tipster, and whether the reports were received and/or made prior to the stop of appellant.
[3] The trial court's Findings of Fact contained in its November 5, 2004 Judgment Entry denying the motion to suppress does not contain a finding as to the status of the tipster.